**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
April 19, 2013

Lyle W. Cayce
Clerk

No. 12-30938
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

FLORENTINO GARCIA-ROSAS,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 2:12-CR-35-1

Before SMITH, PRADO, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Florentino Garcia-Rosas pleaded guilty to illegal reentry of a deported alien. He was sentenced at the bottom of the advisory guidelines range to 46 months of imprisonment. He contends that his sentence is substantively unreasonable because the district court did not credit his sentence for the three months he spent detained by the Bureau of Immigration and Customs Enforcement.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Prior to imposing Garcia-Rosas's sentence, the district court specifically stated that it had reviewed all materials submitted in the case and that it had considered the 18 U.S.C. § 3553(a) factors.  Despite Garcia-Rosas's argument for a lower sentence, the district court elected to impose a within-guidelines sentence.  Such a sentence is presumptively reasonable and afforded great deference.  *See United States v. Alonzo*, 435 F.3d 551, 554 (5th Cir. 2006); *United States v. Mares*, 402 F.3d 511, 519-20 (5th Cir. 2005).  Garcia-Rosas essentially seeks to have his sentence vacated based on a reweighing of the § 3553(a) factors by this court.  "[T]he sentencing judge is in a superior position to find facts and judge their import under § 3553(a) with respect to a particular defendant." *United States v. Campos-Maldonado*, 531 F.3d 337, 339 (5th Cir. 2008).  Garcia-Rosas has not shown that his sentence was substantively unreasonable, *see Gall v. United States,* 552 U.S. 38, 51 (2007), nor has he rebutted the presumption of reasonableness that attaches to his within-guidelines sentence, *see United States v. Gomez-Herrera*, 523 F.3d 554, 565-66 (5th Cir. 2008).

Accordingly, the judgment of the district court is AFFIRMED.